IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TARA L. MARTIN,                          )
                                         )
           Plaintiff,                    )
                                         )
     v.                                  )   Civil Action No. 15-785
                                         )
SOCIAL SECURITY ADMINISTRATION,          )
CAROLYN W. COLVIN, COMMISSIONER,         )
                                         )
           Defendant.                    )

O R D E R

AND NOW, this 29th day of August, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705

1

(3d Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] The Court finds no merit in Plaintiff's arguments that the Administrative Law Judge ("ALJ") erred in finding her to be not disabled, and finds that substantial evidence supports the ALJ's decision. To the extent that Plaintiff is asking the Court to re-evaluate the evidence, as noted above, this Court may not re-weigh the evidence and make its own determination as to the merits of the case. See Berry, 738 F. Supp. at 944; Monsour, 806 F.2d at 1190-91.

To the extent that Plaintiff is arguing that the ALJ erred in not giving more weight to the opinions of her treating physicians, Dr. Simmon Wilcox, M.D., and Dr. Emil Ros, M.D., the Court disagrees and finds that the ALJ provided an adequate basis for assigning little weight to these opinions. First, the Court notes that neither the opinion of Dr. Wilcox nor that of Dr. Ros directly addressed Plaintiff's functional limitations. Dr. Wilcox discussed Plaintiff's pain and the fact that her activities of daily living could exacerbate that pain (R. 344), and Dr. Ros' opinion amounted essentially to an opinion that Plaintiff is unable to work. (R. 355-56). It is well established that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. See 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); Griffin v. Commissioner of Soc. Sec., 305 Fed. Appx. 886, 891 (3d Cir. 2009). Accordingly, the ALJ was not required to accept the opinions of Drs. Wilcox and Ros to the extent that they opined merely that Plaintiff was disabled.

Further, the ALJ provided a more-than-adequate explanation for rejecting these opinions in any event. It is true that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional

2

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 6) is DENIED and Defendant's Motion for Summary Judgment (document No. 8) is GRANTED.

        s/Alan N. Bloch
        United States District Judge

ecf:       Counsel of record

---

    capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011)(internal citations omitted in part). Here, the ALJ included in his decision a substantial discussion as to why he gave little weight to the opinions of Drs. Wilcox and Ros, including an extensive discussion of the objective medical evidence and recommendations for only conservative treatment, as well as the report of consultative examiner Daniel Christo, D.O., which found no significant objective clinical findings and noted Plaintiff's noticeable lack of effort during the examination. (R. 327-37).